PETER M. ROGERS, PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, BOARD OF TRUSTEES, TEACHERS' PENSION AND ANNUITY FUND, DIVISION OF PENSIONS, DEPARTMENT OF THE TREASURY, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued March 20, 1973—Decided April 11, 1973.

Before Judges KOLOVSKY, MATTHEWS and CRAHAY.

*Mr. Richard J. Weber* argued the cause for appellant (*Messrs. Madnick, Milstein & Mason,* attorneys).

*Mr. Paul C. O'Connell,* Deputy Attorney General, argued the cause for respondents (*Mr. George F. Kugler,* Attorney General of New Jersey, attorney; *Mrs. Virginia Long Annich,* Assistant Attorney General, of counsel).

PER CURIAM. Plaintiff appeals from the final determination made by the Board of Trustees of the Teachers' Pension and Annuity Fund (TPAF), at its meeting of June 6, 1972, which denied the application of plaintiff for death benefits to which he claimed to be entitled as designated beneficiary of his deceased mother, Mary Racioppi, who had formerly been employed as a custodial maid by the Newark Board of Education.

The last day on which Mrs. Racioppi had actually worked was in May, 1970. On November 19, 1970, TPAF approved Mrs. Racioppi's application for service retirement, the retirement to become effective on December 1, 1970. Mrs. Racioppi died on December 29, 1970 at the age of 66.

Plaintiff argues that he is entitled to death benefits by virtue of the provision in *N. J. S. A.* 18A:66–38 that:

If a member dies within 30 days after the date of retirement or the date of board approval, whichever is later, a death benefit shall be payable only if he is deemed to be an active member in accordance with this section * * *,

contending that his mother was on leave of absence without pay when she retired and therefore was to be "deemed an active member" because the cited section also provides:

For the purpose of this section, * * * a member of the retirement system shall be deemed to be an active member * * * (2) for a period of no more than 2 years while on official leave of absence without pay if satisfactory evidence is presented to the retirement system that such leave of absence without pay is due to the member's personal illness * * *.

When plaintiff's application was first submitted to TPAF it was denied without a formal hearing. Plaintiff appealed

and, in accordance with the applicable regulation, a hearing was held before the Hearing Officer of the Division of Pensions. Following the conclusion of the hearing — at which various stipulations were made by counsel and testimony was given by plaintiff, by the Secretary of the Newark Board of Education and by the Chief of Contributions in the Accounting Bureau of the Division of Pensions — the Hearing Officer filed a report.

In it, he reviewed the evidence offered, made findings of fact and concluded that Mrs. Racioppi was not to be deemed an "active member" since she was not on "official leave of absence without pay," and hence that no death benefits were payable.

The Board of Trustees concurred in the Hearing Officer's findings, conclusions and recommendation and ruled:

that Mary Racioppi was not on an official leave of absence without pay at the time of her death and that therefore, no group life insurance benefits are payable.

On appeal, plaintiff argues that, contrary to TPAF's findings, his mother was in fact "on official leave of absence" and should not be penalized for what he refers to as a "bureaucratic" mess. However, we conclude from our study of the record that the findings made by the administrative agency could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole, and that therefore there is no warrant for our disturbing them. See *Jackson v. Concord Company*, 54 *N. J.* 113, 117–118 (1969).

The determination of the Board of Trustees of the Teachers' Pension and Annuity Fund is affirmed. No costs on this appeal.